O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JASON A. GREEN,

          Petitioner,

    v.

FELICIA PONCE, Warden,

          Respondent.

Case No. 2:21-cv-09934-GW-KES

ORDER DISMISSING PETITION
WITHOUT PREJUDICE

On December 23, 2021, the Court received a filing from Jason A. Green ("Petitioner"), a prisoner in the custody of the federal Bureau of Prisons who is housed at Federal Correctional Institute ("FCI") Terminal Island in the Central District of California.  (Dkt. 1.)  The filing is entitled "Motion for Release, Remand Was Procedurally and Substantively Unreasonable, Excessive Incarceration [28 U.S.C. § 2241]."  (Id. at 1.)  Because of the reference to 28 U.S.C. § 2241, the Court interprets the filing as a petition for writ of habeas corpus under that statute.

Under Rule 4 of the Rules Governing Section 2254 and 2255 Cases, the Court "must promptly examine" any new habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

1  to relief in the district court," then the Court "must dismiss the petition…."[1]  Under

2  Rule 1(b), the Court may apply the rules to petitions filed under § 2241.  For the

3  reasons explained below, the Petition is dismissed without prejudice.

4                                              **I.**

5                                   **BACKGROUND**

6        The following facts are taken from the Petition and public records subject to

7  judicial notice[2]:

8        In October 2015, Petitioner was arrested and charged with conspiracy to

9  commit mail, wire, and bank fraud in the U.S. District Court for the Eastern District

10  of New York.  (Dkt. 1 at 1); United States v. Green, No. 1:15-cr-00498-NGG-2

11  (E.D.N.Y.), Dkt. 1, 6.  He pled guilty to this charge[3] and, in April 2017, he was

12  sentenced to time served plus 5 years of supervised release.  Id., Dkt. 48, 72.  In

13  2019 or 2020, Petitioner moved from New York to Nevada, and his supervision

14  was transferred to the District of Nevada.  (Dkt. 1 at 2); Green, No. 1:15-cr-00498,

15  Dkt. 111.

16        In August 2021, Petitioner was accused of violating the terms of his

17  supervised release by failing to pay 10% of his gross monthly income to restitution

18  and failing to disclose financial information.  Id., Dkt. 117, 120, 123.  In September

19

20  [1] The rules are available online at: https://www.uscourts.gov/sites/default/
files/rules-governing-section-2254-and-section-2255-proceedings.pdf.
21

22  [2] See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is
not subject to reasonable dispute because it … can be accurately and readily
23  determined from sources whose accuracy cannot reasonably be questioned.");
Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take
24  judicial notice of undisputed matters of public record … including documents on
25  file in federal or state courts.").

26  [3] The indictment included additional charges, but the government dismissed
27  them after Petitioner pled guilty to the count described above.  Green, No. 1:15-cr-
00498-NGG-2, Dkt. 72 at 1.
28

2

1    2021, he pled guilty to the violations and, at the sentencing hearing, the New York

2    court orally sentenced him to 14 months in custody followed by 5 years of

3    supervised release.  Id., Dkt. 123, 127, 132-1 at 47-48.  However, the prosecutor

4    and Probation Department later moved the court to amend the supervised release

5    term, arguing that under 18 U.S.C. § 3583(h), the maximum allowable term of

6    supervised release was 3 years and 10 months.  Id., Dkt. 124 at 1.  The court

7    modified its oral ruling accordingly, entering an order sentencing him to 14 months

8    in custody followed by 3 years and 10 months of supervised release.  Id., Dkt 128.

9         On October 15, 2021, Petitioner filed a notice of appeal through counsel

10   who represented Petitioner in the district court violation proceedings.  Id., Dkt. 126.

11   However, on November 8, 2021, the U.S. Court of Appeals for the Second Circuit

12   granted counsel's motion to withdraw; counsel stated that Petitioner reported

13   retaining new counsel.  United States v. Green, No. 21-2663 (2d Cir.), Dkt. 17, 20.

14   As of January 7, 2022, no other attorney has entered an appearance in the appeal.

15   On January 4, 2022, the Second Circuit issued orders stating that the appeal would

16   be dismissed unless Petitioner submitted certain forms by January 25, 2022.  Id.,

17   Dkt. 29, 30.

18        On December 19, 2021, Petitioner constructively filed[4] the instant Petition,

19   which argues "that he is being punished in excess of the maximum allowable under

20   18 U.S.C. § 3583(h)" because "anything above 8 months," i.e., the amount of time

21   left on his original 5-year term of supervised release when he was accused of

22

23        [4] "Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed
     when he hands it over to prison authorities for mailing to the relevant court."
24   Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citation omitted); see
     also Houston v. Lack, 487 U.S. 266, 268 (1988).  A court generally deems a habeas
25   petition filed on the day it is signed, because it assumes the petitioner turned the
     petition over to prison authorities for mailing that day.  See Butler v. Long, 752
26   F.3d 1177, 1178 n.1 (9th Cir. 2014); Roberts v. Marshall, 627 F.3d 768, 770 n.1
27   (9th Cir. 2010).

28

1  violating it, "was plain error and in violation of the statute…." (Dkt. 1 at 3-4.)

2  **II.**

3  **LEGAL STANDARDS**

4  28 U.S.C. § 2255 states that a federal prisoner "may move the court which

5  imposed [his] sentence to vacate, set aside or correct the sentence" on the ground

6  that the sentence "was imposed in violation of the Constitution or laws of the

7  United States, or that the court was without jurisdiction to impose such sentence, or

8  that the sentence was in excess of the maximum authorized by law, or is otherwise

9  subject to collateral attack…." 28 U.S.C. § 2255(a). Generally, § 2255 provides

10  the exclusive procedural mechanism by which a federal prisoner may test the

11  legality of his detention, and a motion under § 2255 is properly filed in the court

12  that sentenced the petitioner. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th

13  Cir. 2011); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). In contrast,

14  "petitions that challenge the manner, location, or conditions of a sentence's

15  execution must be brought pursuant to § 2241 in the custodial court." Id.

16  Additionally, "a federal prisoner may file a habeas petition under § 2241 if

17  the remedy provided by § 2255 is 'inadequate or ineffective to test the legality of

18  his detention." Alaimalo, 645 F.3d at 1046 (quoting 28 U.S.C. § 2255(e)). "This is

19  called the 'savings clause' or 'escape hatch' of § 2255." Id. at 1047. "A petition

20  meets the escape hatch criteria where a petitioner '(1) makes a claim of actual

21  innocence, and (2) has not had an unobstructed procedural shot at presenting that

22  claim." Id. (quoting Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006)).

23  "[F]or reasons of judicial economy, [a] district court should not entertain a

24  habeas corpus petition" or a motion under § 2255 "while there is an appeal pending

25  in [the U.S. Court of Appeals] or in the Supreme Court." United States v. Pirro,

26  104 F.3d 297, 299 (9th Cir. 1997) (quotation marks omitted; citing United States v.

27  Deeb, 944 F.2d 545, 548 (9th Cir. 1991)). "[A] district court's delay in considering

28  a section 2255 motion until direct appeals are resolved does not make the section

4

1  2255 motion inadequate or ineffective and therefore does not entitle the defendant

2  prematurely to pursue a section 2241 habeas petition." Pirro, 104 F.3d at 299.

3  ### III.

4  ### DISCUSSION

5  The Petition in this case does not demonstrate that a motion under § 2255 in

6  the sentencing court (the Eastern District of New York) is inadequate or ineffective

7  to test the legality of Petitioner's detention.  The Petition does not raise a claim of

8  actual innocence, and it does not demonstrate that Petitioner lacked an unobstructed

9  procedural shot at presenting the claim raised in the Petition.  Indeed, the direct

10 appeal currently pending in the Second Circuit appears to provide Petitioner with an

11 opportunity to raise this claim.  Dismissal of the Petition, rather than transfer to the

12 Eastern District of New York for consideration under § 2255, is appropriate

13 because the pending appeal also likely means that a § 2255 motion would be

14 dismissed premature.

15 ### IV.

16 ### CONCLUSION

17 IT IS THEREFORE ORDERED that the Petition (Dkt. 1) and this action are

18 **dismissed without prejudice** to Petitioner pursuing the pending appeal in the

19 Second Circuit, filing a motion under § 2255 in the Eastern District of New York,

20 or filing a later habeas petition under § 2241 challenging the sentence in this Court

21 (when and if appropriate).

22

23 DATED:  January 11, 2022       _____

24                                GEORGE H. WU
                                  UNITED STATES DISTRICT JUDGE
25
   Presented by:
26 _____

27 KAREN E. SCOTT
   UNITED STATES MAGISTRATE JUDGE
28